[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE 30 JULY 1991 DATE OF APPLICATION 14 AUGUST 1991 DATE OF APPLICATION FILED 16 AUGUST 1991 DATE OF DECISION 27 NOVEMBER 2001
Application for review of sentence imposed by the Superior Court, Judicial District of New London at New London. Docket Number CR1O-17958.
Sebastian DeSantis, Esq. For the Petitioner
Larry Tytla, Esq. For the State of Connecticut
SENTENCE AFFIRMED
 BY THE DIVISION
The Petitioner was found guilty by jury of two counts of Sexual Assault First Degree in violation of Conn. General Statute 53a-70 (a); two counts of Sexual Assault Second in violation of Conn. General Statute 53a-71
CT Page 1080 (a); a count of Sexual Assault Third in violation of Conn. General Statute 53a-72-a (a)(1) and two counts of Risk of Injury in violation of Conn. General Statute 53-21. The court imposed a sentence of 40 years to serve execution suspended after 25 years with 5 years probation.
FACTS:
On March 8, 1989 the Connecticut State Police were contacted by the Connecticut Department of Children Youth Services (DCYS) in reference to a sexual assault case involving a female victim, whose date of birth is December 8, 1976. The child has disclosed to a school counselor that her god father, John Dinoto, had sexually assaulted her.
That on March 17, 1989 the victim met with a detective from the Connecticut State Police who interviewed the victim in depth and she related a detailed account of her relationship with her godfather, the petitioner. The victim explained that she has known the petitioner her entire life and that beginning at the age of 7 he would take her to his home in New London, Connecticut and give her back massages. The victim stated that when she turned 8 the accused would take her to a boat in East Lyme, near Dad's Restaurant. During those times when the petitioner brought her to the boat in East Lyme he would touch her breasts and vagina under her clothing. The victim explained that she would try to push the accused away but he persisted and forcibly touch her. The victim further stated that when she was about 8 1/2 to 9 years of age the petitioner brought her to the boat in East Lyme and while on board he put his head under her jumper and licked her vagina with his tongue telling her that if she told anyone he would go to jail and it would be her fault. The victim also told police that when she was 10 years old the accused picked her up from home and took her to the Flanders section of East Lyme where he drove into a grave yard. While in the grave yard the accused took out his penis grabbed the victim by the head, and forced her to put her mouth on his penis. The victim stated that she tried to pull her head away but the petitioner forced her head down, choking her with his penis. The victim advised police that she began to cry and about that time the petitioner ejaculated. The petitioner then drove the victim to the Niantic section of East Lyme to Dairy Queen where he bought her an ice cream. The accused then took the victim back to her home in New London. The victim stated that the last incident with the offender was on January 5, 1989, when he again picked her up from her residence. The petitioner took the victim to the boat at the Dauntless shipyard in Essex, CT and was at that location where he video taped her and asked her to remove her shirt and do something sexy. When the victim refused, he drove her back toward New London. The victim explained that as they were driving over the Baldwin bridge, into Old Lyme, CT he began to touch her breasts and vagina under her clothes. The victim stated that she CT Page 1081 attempted to pull away but he grabbed her leg and forcibly touched her vagina under her clothes. The victim again stated that he attempted to pull away but he grabbed her leg and forcibly touched her vagina under her clothes telling her that he was teaching her to be a woman.
That during the course of their interview with the victim, on March 17, 1989, police also spoke with the victim's half sister, who was also found to be the victim of sexual assault by the petitioner. The half sister's date of birth is December 12, 1976, explained that sometime during the summer of 1984, when she was thirteen years old, the offender took her, and her half sister (the aforementioned victim), to a boat in East Lyme nears Dad's Restaurant. The two victim's were staying over night on the boat and during the night the defendant came into her bed naked. The petitioner held the victim down and forcibly entered the victim's vagina with his penis, from behind. The victim stated that she was crying and began to bleed from the vagina and although she struggled to get away, he forced her to continue intercourse, pushing her face into a pillow, for about five minutes. After that the petitioner removed his penis and masturbated until he ejaculated.
At the hearing counsel for the petitioner stated that the sentencing judge did not consider that the petitioner was helping others especially in counseling people about alcohol and drug abuse. Noting that the petitioner was a veteran and there was a good side to him he argued that the convicted conduct of the petitioner was out of character and that he is too upset about the consequences of his acts on the victims. He asked the panel to lower the jail portion of the sentence, as the petitioner is someone who will thrive under probationary supervision.
The state's attorney emphasized the serious consequences that the sexual assault had on the victims lives. He noted that the children were forced to go to trial and live through testifying to the despicable acts of the petitioner. The state felt that the petitioner used his religious garb to get trust of the victims. Counsel felt the sentence imposed was reflective of the nature and horror of the offenses and asked the panel to affirm.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify a sentences except in CT Page 1082 accordance with the provisions of Connecticut Practice Book § 43-28
et seq., and Connecticut General Statute § 51-94 et seq.
In reviewing the records as a whole, the Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq.
In reviewing the vile acts of the petitioner, considering the age of the children, the numerosity and depth of the offenses the sentence imposed was neither inappropriate nor disproportionate.
The sentence is AFFIRMED.
 ___________________, J. Norko ___________________, J. Klaczak ___________________, J. Miano
Norko, J., Klaczak, J. and Miano, J. participated in this decision.